IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RICHARD C. COLVIN, | : |
| Petitioner, | : |
| VS. | : 7 : 09-CV-37 (HL) |
| DENNIS BROWN, Warden, | : |
| Respondent. | : |

**RECOMMENDATION**

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 Thomas County convictions for rape and five (5) counts of child molestation. (Doc. 2). Following a jury trial and the return of a guilty verdict on all counts, Petitioner was sentenced to life imprisonment on the rape charge; twenty years, concurrent, for count one child molestation; twenty years, ten to serve consecutive to count one for count two child molestation; twenty years, concurrent to count one, for count three child molestation; twenty years, consecutive to count three, for count four child molestation; and twenty years, consecutive to count four, for count five child molestation. Petitioner's motion for new trial was denied on March 16, 2005, and his convictions and sentences were affirmed on direct appeal on January 12, 2006. (Doc. 15-11, pp. 79-80; Doc. 15-9, pp. 129-137).

Petitioner filed a state habeas petition on September 25, 2006 in the Superior Court of Chattooga County. (Doc. 15-1). Following an evidentiary hearing, the state habeas court denied relief on December 21, 2007. (Doc. 15-3). Petitioner's application for a certificate of probable cause to appeal was denied on January 12, 2009. (Doc. 15-8). Petitioner filed this federal habeas petition on March 19, 2009. (Doc. 2).

**Factual Background**

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The AEDPA thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings. *Id.* Inasmuch as the Petitioner has not rebutted the state courts' factual findings by clear and convincing evidence, the findings of fact issued by the Georgia Court of Appeals, in a decision designated "NOT TO BE OFFICIALLY REPORTED", are hereby adopted. *See* Doc. 15-9, pp. 129-137.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal

2

law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

## Petitioner's Habeas Claims

In his original and amended Petitions for federal habeas relief, the Petitioner sets forth thirty-five (35) grounds for relief, which will be addressed in turn. (Docs. 2, 10, 19, 27).

### *Failure to state a claim*

The Respondent maintains that Grounds 1, 2, 3, and 4 in this federal habeas petition fail to

raise valid grounds for federal habeas relief. The Court agrees. These grounds, wherein the Petitioner alleges that the state habeas court committed certain errors, fail to state a claim for federal habeas relief, as alleged infirmities in state habeas court proceedings do not entitle a federal habeas petitioner to relief. *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004)("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). Accordingly, these grounds will not support the granting of the writ herein.

Additionally, the Respondent asserts that Grounds 9 and 21 fail to state a claim for federal habeas relief, as these grounds raise issues related solely to state rulings and do not present questions of constitutional magnitude. In Ground 9, the Petitioner alleges that the State misrepresented a fact to the Georgia Court of Appeals, in stating that it was never "alleged that the Petitioner penetrated Morgan Colvin". (Doc. 2). In Ground 21, the Petitioner alleges that the Court of Appeals erred in not granting a new trial based on the State's alleged factual misrepresentation.

The Court notes initially that "it is not the province of a federal habeas court to reexamine state-court determinations of state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). To the extent that the alleged errors set forth by Petitioner in Grounds 9 and 21 concern only a determination of state law questions, they are outside the province of federal habeas review. *Id.*

> Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question

> of a constitutional nature is involved." *Tejada v. Dugger*, 941 F.2d 1551 (11th Cir.1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process.*" Branan v. Booth*, 861 F.2d [1507], 1508 [(11th Cir. 1988)] (citations omitted). *See also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir.1997) ("[e]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."). State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the [proceeding] to render the entire [proceeding] fundamentally unfair." *Tejada*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at [73].

*McGee v. Crosby*, 2005 WL 941123, *3 (N.D.Fla.).

To the extent that the Petitioner challenges state court action as violative of his constitutional rights in Grounds 9 and 21, he has failed to establish that the state habeas court's ruling on these issues was either contrary to or an unreasonable application of federal law. The state habeas court addressed the Petitioner's allegations that the "State misrepresented to the Court of Appeals the fact that there had been no allegation in the case that Petitioner penetrated [victim] MC." (Doc 15-3, p. 18). The state habeas court held that this ground was "without merit as Petitioner has not shown how he was prejudiced by this alleged error because he was not charged with penetrating MC." *Id.* The state habeas court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts of this case. Moreover, there has been no showing that the alleged errors rendered Petitioner's entire trial "fundamentally unfair".

*Procedurally defaulted grounds*

The Respondent further alleges that Grounds 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 24, 25, 27, as well as Grounds 8, 18, 30, 33, 34, and 35 are procedurally defaulted.

Specifically, the Respondent asserts that the Petitioner raised Grounds 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 24, 25, and 27 in his state habeas petition, and the state habeas court ruled that these grounds were procedurally defaulted.  The Respondent further asserts that the Petitioner failed to raise in the state courts Grounds 8, 18, 30, 33, 34, and 35, and that these claims are also procedurally defaulted.

Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.
>
> O.C.G.A. § 9-14-51.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims.  *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991).  Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not raise or failed to timely raise the above-identified claims in the state proceedings below, rendering the claims procedurally defaulted. Petitioner has failed to establish either cause or prejudice for the procedural default of the claims at issue. Petitioner's assertions that state misconduct establishes cause for the procedural default of these claims have not been shown to rise above the level of mere speculation. The Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

*Ineffective assistance of counsel*

In Grounds 26, 28, 29, 31, and 32, Petitioner raises claims of ineffective assistance of counsel. Petitioner raised these claims in his state proceedings, and they were ruled upon by the state courts. (Doc. 15-3). In Ground 26, the Petitioner alleges that trial counsel failed to call any witnesses to corroborate his testimony. In Ground 28, the Petitioner alleges that his appellate counsel was ineffective in failing to raise on appeal several claims regarding the underlying trial. In Ground 29, the Petitioner alleges ineffective assistance of appellate counsel in failing to raise certain claims of ineffective assistance of trial counsel. In Ground 31, Petitioner alleges ineffective assistance of second appellate counsel in failing to raise the alleged ineffectiveness of first appellate counsel. In Ground 32, Petitioner alleges ineffective assistance of second appellate counsel in failing to file a brief.

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985). The Petitioner "must overcome the presumption, that, under the circumstances, the challenged

7

action 'might be considered sound [] strategy'". *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The Court's determination of prejudice to the Petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

In regard to Petitioner's Ground 26, wherein he alleges that trial counsel provided ineffective assistance in failing to call any witnesses to corroborate Petitioner's testimony, the Georgia Court of Appeals addressed this ground in Petitioner's direct appeal. The Court found that, under the *Strickland* standard, trial counsel's decisions not to call witnesses were a matter of trial strategy and tactics and did not constitute ineffective assistance. (Doc. 15-9, pp. 135-136).

In regard to Petitioner's Grounds 28, 29, 31, and 32, the state habeas court found that:

> Appellate counsel, Ms. Pass, rendered reasonably effective assistance of counsel to the Petitioner in her representation of Petitioner on his direct appeal. . . . [appellate counsel] made decisions which were reasonable tactical moves and considerations which any competent attorney in the same situation could have or

>would have made. Petitioner has not shown by a preponderance of the evidence that any of counsel's alleged deficient performances were objectively unreasonable and that there was a reasonable probability that but for counsel's unreasonable performance, the result of his appeal would have been different.

(Doc. 15-3, p. 3).

The state habeas court then set out and discussed Petitioner's claims of ineffective assistance of counsel under the *Strickland* standard and found that Petitioner's various counsel were not ineffective in failing to raise the outlined issues on appeal. *Id.* at pp. 4-28.

It does not appear, nor has Petitioner shown, that the state courts' decisions in this matter were contrary to or an unreasonable application of federal law. The courts cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's counsel provided the Petitioner with effective representation. Relying on the principles of *Strickland* and its incorporation into Georgia law, the courts found that counsel were not deficient and did not prejudice Petitioner. The facts as found by the state courts evidence counsels' effective representation. The state courts' decisions are not contrary to or an unreasonable application of clearly established federal law, nor are they unreasonable under the facts of this case. Therefore, these claims of ineffective assistance of counsel will not support the granting of habeas relief herein.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief, **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy

of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 15th day of November, 2011.

**s/ *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**